IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

JONATHAN DIAZ VAZQUEZ,

          Plaintiff,

          v.                                  CIV. NO.: 14-1499 (SCC)

COMMN'R OF SOC. SEC.,

          Defendant.

**MEMORANDUM AND ORDER**

    Plaintiff Jonathan Diaz Vazquez asks this court to review the decision of Defendant Commissioner of Social Security ("the Commissioner"), denying Plaintiff's application for disability benefits. Docket No. 1. After a review of the record and the parties' memoranda, we remand this matter to the Commissioner.

## STANDARD OF REVIEW

Under the Social Security Act ("the Act"), a person is disabled if he is unable to do his prior work or, "considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d). The Act provides that "[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence exists "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support [the] conclusion." *Irlanda-Ortiz v. Sec'y of Health & Human Servs.*, 955 F.2d 765, 769 (1st Cir. 1991). Thus, the Commissioner's decision must be upheld if we determine that substantial evidence supports the ALJ's findings, even if we would have reached a different conclusion had we reviewed the evidence *de novo*. *Lizotte v. Sec'y of Health & Human Servs.*, 654 F.2d 127, 128 (1st Cir. 1981).

The scope of our review is limited. We are tasked with determining whether the ALJ employed the proper legal standards and focused facts upon the proper quantum of evidence. *See Manso-Pizarro v. Sec'y of Health and Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). The ALJ's decision must be reversed if his decision was derived "by ignoring

evidence, misapplying law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999). In reviewing a denial of benefits, the ALJ must have considered all of the evidence in the record. 20 C.F.R. § 404.1520(a)(3).

The Act sets forth a five-step inquiry to determine whether a person is disabled. *See* 20 C.F.R. § 404.1520(a)(4). The steps must be followed in order, and if a person is determined not to be disabled at any step, the inquiry stops. *Id.* Step one asks whether the plaintiff is currently "doing substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If he is, he is not disabled under the Act. *Id.* At step two, it is determined whether the plaintiff has a physical or mental impairment, or combination of impairments, that is severe and meets the Act's duration requirements. 20 C.F.R. § 404.1520(a)(4)(ii). The plaintiff bears the burden of proof as to the first two steps. Step three considers the medical severity of the plaintiff's impairments. 20 C.F.R. § 404.1520(a)(4)(iii). If, at this step, the plaintiff is determined to have an impairment that meets or equals an impairment listed in 20 C.F.R. pt. 404, subpt. P., app. 1, and meets the duration requirements, he is disabled. 20 C.F.R. § 404.1520(a)(4)(iii).

If the plaintiff is not determined to be disabled at step three, his residual functional capacity ("RFC") is assessed. 20 C.F.R. § 404.1520(a)(4), (e). Once the RFC is determined, the inquiry proceeds to step four, which compares the plaintiff's RFC to his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If the plaintiff can still do his past relevant work, he is not disabled. *Id.* Finally, at step five, the plaintiff's RFC is considered alongside his "age, education, and work experience to see if [he] can make an adjustment to other work." 20 C.F.R. § 404.1520(a)(4)(v). If the plaintiff can make an adjustment to other work, he is not disabled; if he cannot, he is disabled. *Id.*

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff made his initial application for disability benefits on February 16, 2011[1] alleging that his disability began on July 1, 2010. *See* T<small>R</small>. at 443-51.[2] The claim was denied, as was

---

1. Plaintiff's and Defendant's motion both use Jan. 31, 2011 as the date of application of disability benefits. However, in the Social Security Transcript, the Application for Social Security Benefits found in T<small>R</small>. at 443-51 is dated February 16, 2011, and so we have dated it in this Opinion accordingly.

2. We will refer to the Social Security Transcript as "T<small>R</small>." throughout.

DIAZ v. COMMISSIONER                                                Page 5

reconsideration. *See id* at 378-85. Plaintiff then requested a hearing, which was held on January 9, 2013. *See id* at 402. On February 15, 2013, the Administrative Law Judge (ALJ) issued an unfavorable decision. *See id* at 164. The appeals council refused to review the ALJ's decision, *see id.* at 1, and Plaintiff filed this appeal. Docket No. 1.

The ALJ made several findings. First, he determined that claimant's impairments do not have more than a <u>*de minimis*</u> effect on [Mr. Diaz's] ability to perform substantial gainful activity and therefore are "non-severe." T<small>R</small>. at 172-73 (emphasis supplied). The ALJ further found that Plaintiff did not have an impairment or combination of impairments equaling one of those listed at 20 C.F.R. pt. 404, subpt. P, app. 1. *Id*. The ALJ then found that though Plaintiff could not perform past relevant work, he had the Residual Functional Capacity (RFC) to "perform light work," limited to simple, unskilled, repetitive work, that allows alternating positions every two hours. *Id.* at 175-81. The ALJ concluded that "there are jobs that exist in the national economy that the claimant can perform" under 20 CFR § 404.1569 and § 404.1569 (a), and that Plaintiff was not disabled as defined in the Social Security Act § 404.1520 (g) from July 1, 2010 through

February 15, 2013. *Id.* at 181-82.

## *ANALYSIS*

Plaintiff alleges four errors in the ALJ's decision. Plaintiff claims that the ALJ: 1) erred in denying the request for a supplemental hearing, 2) erred in interpreting raw medical data in functional terms, and 3) erred in not including that the claimant has bilateral limitations with hands, feet and more postural limitations than those found in his RFC assessment. Plaintiff also claims that the ALJ did not base his conclusions regarding the claimant's ability to perform the RFC assessment on substantial evidence.

Defendant concedes that remand to the Commissioner for further proceedings is necessary because the ALJ did not explain the weight given to the consultative examiner's medical opinion or allow Plaintiff the opportunity to question the vocational expert. After reviewing the ALJ's decision, the Court agrees.

The Commissioner's regulations require the ALJ to "always give good reasons" for the weight it gives a treating source opinion. 20 C.F.R §404.1527(c)(2); *see Polanco-Quiñones v. Astrue*, 477 F. App'x 745, 746 (1st Cir. 2012) (per curiam). *But see* 20 C.F.R. § 404.1527(d)(2) (noting that "final

DIAZ v. COMMISSIONER                                                     Page 7

responsibility for deciding" various issues, including an impairment's nature and severity, "is reserved to the Commissioner"). The commissioner also has to base conclusions on substantial evidence, (RFC§ 205(g), 42 U.S.C.A. § 405(g). *See also* Mercado v. Comm'r of Soc. Sec., 767 F. Supp. 2d 278 (D.P.R. 2010). By its own admission, because the ALJ failed to properly substantiate the conclusion, remand is required by 42 U.S.C.A. § 405(g).

Furthermore, if the claimant requests a supplemental hearing, the ALJ must grant the request, unless the ALJ receives additional documentary evidence that supports a fully favorable decision. HALLEX I-2-5-58.[3] In cases that warrant compliance with requirements of substantial evidence rule, including the need for further RFC findings, "sentence four remand" is in order. *See* (RFC§ 205(g), 42

---

**3.** "The Hearings, Appeals and Litigation Law manual provides the format and guidance for the Deputy Commissioner for Disability Adjudication and Review convey[ing] guiding principles, procedural guidance, and information to Office of Disability Adjudication and Review staff. HALLEX defines procedures for carrying out policy and provides guidance for processing and adjudicating claims at the hearing, Appeals Council, and civil action levels. It also includes policy statements resulting from Appeals Council *en banc* meetings under the authority of the Appeals Council Chair." *See* HALLEX I-1-0-1

U.S.C. § 405(g). *See also* Mercado v. Comm'r of Soc. Sec., 767 F. Supp. 2d 278 (D.P.R. 2010). Defendant is in agreement that the ALJ failed to follow the HALLEX guidelines[4] and that remand is in order pursuant to sentence four of 42 U.S.C. § 405(g).

## *CONCLUSION*

For the reasons stated above, we REMAND this matter to the Commissioner for further proceedings consistent with this opinion.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 7th day of June, 2016.

S/ SILVIA CARREÑO-COLL

UNITED STATES MAGISTRATE JUDGE

---

**4.** "The Hearings, Appeals and Litigation Law manual provides the format and guidance for the Deputy Commissioner for Disability Adjudication and Review convey[ing] guiding principles, procedural guidance, and information to Office of Disability Adjudication and Review staff. HALLEX defines procedures for carrying out policy and provides guidance for processing and adjudicating claims at the hearing, Appeals Council, and civil action levels. It also includes policy statements resulting from Appeals Council *en banc* meetings under the authority of the Appeals Council Chair." *See* HALLEX I-1-0-1